The information available on Case.net is provided as a service and is not considered an official court record.


Case.net:2611-CC01105 - LAJUANA HAYNES V GENERAL MOTORS LLC (E-CASE) - Docket Entries

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**08/18/2026**

**Judge/Clerk - Note**

Per Local Court Rule 4.2.1 effective May 1, 2026 an additional $10.00 per service per party is to be paid to the courts when a special process server is appointed. Special process server will not be approved until the courts receives the required fee per 57.280 RSMo

**Summons Issued-Circuit**

Document ID: 26-SMCC-2304, for GENERAL MOTORS LLC SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. MLM

**08/09/2026**

**Entry of Appearance Filed**

Entry of Appearance of Nicole Matlock.

**Filed By:** NICOLE ALEXANDRA KARIM MATLOCK

**08/07/2026**

**Filing Info Sheet eFiling**

**Filed By:** NICOLE ALEXANDRA KARIM MATLOCK

**Pet Filed in Circuit Ct**

Petition for Damages; Exhibit 1 to Petition; Request for Special Process Server; Motion for appointment of private process server; Exh. A - Affidavit of Private Process Server.

**Filed By:** NICOLE ALEXANDRA KARIM MATLOCK

**On Behalf Of:** LAJUANA HAYNES

EXHIBIT

A

2611-CC01105
Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| LAJUANA HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | |
| GENERAL MOTORS LLC, | ) | Division No.: |
| | ) | |
| Serve: | ) | |
| | ) | |
| CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**PETITION FOR DAMAGES**

**COMES NOW** Plaintiff LaJuana Haynes, by and through her attorneys, and for her Petition for Damages against Defendant General Motors LLC (General Motors) states as follows:

**INTRODUCTION**

1. This matter arises under the Missouri Human Rights Act (MHRA), § 213.010 *et. seq*. Plaintiff Haynes was subjected to discrimination based on her disability and age, and retaliation during her employment at General Motors, including the termination of her employment in February 2026.

**PARTIES**

2. Plaintiff Haynes is a female, 62 year old citizen and resident of the State of Missouri.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

3. Defendant General Motors LLC is an organization or corporation operating in the state of Missouri. Defendant has the capacity to sue and be sued and is located in St. Charles County, Missouri.

4. All facts giving rise to this cause of action occurred in or about St. Charles County, Missouri.

**JURISDICTION AND VENUE**

5. Venue in this Court is proper pursuant to Mo. Rev. Stat. § 508.010 and Mo. Rev. Stat. § 213.111.1.

6. On or about November 3, 2025, Plaintiff timely filed a charge of discrimination with the MCHR. The MCHR docketed Plaintiff's charge as E-11/25-57525 / 28E-2026-00094.

7. On May 12, 2026, the MCHR issued a Notice of Right to Sue for the above charge. A copy of the Notice is attached hereto as Exhibit 1.

8. Plaintiff has filed this action within ninety (90) days from the date on the Notice and within two (2) years of the last act of discrimination.

**FACTS APPLICABLE TO ALL COUNTS**

9. Plaintiff Haynes worked for Defendant General Motors from approximately December 2011 until the termination of her employment in February 2026.

10. Plaintiff's position was Third Shift Business Manager at the Wentzville Assembly Center, which she held through the end of her employment.

11. Plaintiff Haynes reported to Saleem Hinton during her employment.

12. During her employment with Defendant, Plaintiff Haynes performed her job duties and responsibilities in a satisfactory manner.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

13. Plaintiff Haynes's annual performance review in February 2025 was excellent and complimentary.

14. Plaintiff Haynes has the medical condition of anxiety.

15. Plaintiff's condition substantially affects one or more of Plaintiff's major life activities, including but not limited to sleeping, working, and concentration.

16. Plaintiff informed Defendant of her condition.

17. In March 2025, Plaintiff's mother passed away, and Plaintiff took five days of bereavement leave and six days of vacation.

18. Plaintiff requested one additional day of leave. Hinton denied Plaintiff's request, stating that she had to cover the shift of a younger woman.

19. Plaintiff took the extra day and returned to work on March 25, 2025.

20. On or about March 27, 2025, Defendant issued Plaintiff a warning for failure to comply with her job duties by not providing adequate coverage.

21. Later that day, Plaintiff's supervisor, Saleem Hinton, verbally attacked Plaintiff and accused her of undermining decisions with other Third Shift Group Leaders. Plaintiff became emotional and requested a medical pass.

22. Plaintiff took medical leave from March 27 to April 27, 2025 due to anxiety and/or stress.

23. After Plaintiff's return from medical leave, Hinton told Plaintiff she was "not making him look good" and was "ruining his reputation" because the document she completed asking for medical leave due to stress was sent around the plant.

24. Plaintiff did not show other coworkers her document requesting medical leave and does not know who did so.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

25. On or about April 29, 2025, Plaintiff sent a letter to Human Resources at Defendant, requesting assistance regarding the conduct of her supervisor Saleem Hinton. Defendant took no effective remedial action.

26. During Plaintiff's employment, her supervisor, Saleem Hinton, joked about Plaintiff being his "Auntie."

27. On information and belief, during Plaintiff's employment, Director Zerick Pierce stated that he wanted a younger person in Plaintiff's role.

28. Director Pierce told Plaintiff on one or more occasions that Plaintiff is at the age where she wants an office job. Management offered Plaintiff the office job of Planner.

29. On information and belief, Defendant wanted to put a younger female employee in Plaintiff's job of Third Shift Business Unit Manager and move Plaintiff to the First Shift Planner position.

30. On or about June 18, 2025, Plaintiff received a sub-par or poor quarterly performance review from Hinton. In contrast, Plaintiff's annual review in February 2025 had been excellent and complimentary.

31. On or about July 18, 2025, Plaintiff sent a letter to Defendant about Hinton's behavior and requested an investigation into the poor mid-year review Hinton issued to her. In that letter, Plaintiff also reported that Hinton and Group Leader Kamon Lawrence condoned or engaged in sexual harassment in the workplace.

32. On or about September 23, 2025, Defendant gave Plaintiff the option of being placed on a 30-day Performance Improvement Plan (PIP) or accepting a Mutual Separation Agreement (MSA).

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

33. On or about September 24, 2025, Plaintiff requested another medical leave due to anxiety and/or stress. Plaintiff's short-term disability was denied on October 31, 2025.

34. On information and belief, Hinton has previously called disability leave insurer Sedgewick and instructed it to deny disability leave for other employees in the past.

35. Plaintiff initially signed the MSA, then retracted her agreement on September 30, 2025.

36. Defendant told Plaintiff she would be discharged on October 14, 2025, but that did not occur.

37. On or about November 6, 2025, Defendant again offered Plaintiff the Mutual Separation Agreement (MSA).

38. Defendant indicated the Planner position was no longer an option for Plaintiff.

39. On or about February 3 2026, Defendant sent Plaintiff a letter stating her employment had ended October 31, 2025, and terminated Plaintiff's employment.

## VIOLATIONS OF LAW

### Count I
### Disability Discrimination

39. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff is a person with a disability, and therefore a member of a protected group under § 213.010(5) R.S.Mo.

41. Defendant is a person subject to liability and an employer as defined by § 213.010(8) R.S.Mo.

42. Plaintiff has a disability that substantially impairs one or more major life activities.

43. Defendant was aware of Plaintiff's disability.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

44. Defendant regarded Plaintiff as disabled.

45. Defendant took negative employment actions against Plaintiff during her employment, as described above.

46. Plaintiff's disability was a motivating factor in Defendant's actions against her.

47. Defendant's actions have caused Plaintiff Haynes to suffer lost compensation and benefits of employment, emotional distress, and attorneys' fees.

48. Defendant's actions constituted disability discrimination in violation of the MHRA, § 213.055 R.S.Mo.

49. Defendant's actions were outrageous and were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, finds for Plaintiff LaJuana Haynes and against Defendant General Motors in Plaintiff's claim for disability discrimination, and enter judgment for Plaintiff in excess of $25,000 for Plaintiff's lost wages and benefits, emotional distress, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, and costs of litigation, and such other relief that this Court deems just and proper.

## Count II
## Age Discrimination

51. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

52. Plaintiff Haynes is over the age of forty (40), and therefore a member of a protected group under § 213.010(1) R.S.Mo.

53. Defendant is a person subject to liability and an employer as defined by § 213.010(8) R.S.Mo.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

54. During her employment with Defendant, Plaintiff was subjected to age-based comments and conduct, including her supervisor joking that Plaintiff was his "Auntie" and Director Pierce stating he wanted a younger person in Plaintiff's role.

55. Director Pierce told Plaintiff on one or more occasions that she was at the age where she wants an office job, and Defendant attempted to move Plaintiff to a lesser position in order to place a younger employee in Plaintiff's role.

56. Defendant took negative employment actions against Plaintiff during her employment, as described above.

57. Plaintiff's age was a motivating factor in Defendant's actions against her.

58. Defendant's actions have caused Plaintiff Haynes to suffer lost compensation and benefits of employment, emotional distress, and attorneys' fees.

59. Defendant's actions constituted age discrimination in violation of the MHRA, § 213.055 R.S.Mo.

60. Defendant's actions were outrageous and were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, finds for Plaintiff LaJuana Haynes and against Defendant General Motors in Plaintiff's claim for age discrimination, and enter judgment for Plaintiff in excess of $25,000 for Plaintiff's lost wages and benefits, emotional distress, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, and costs of litigation, and such other relief that this Court deems just and proper.

## **Count III**
## **Retaliation**

62. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

63. During her employment, Plaintiff made complaints that Defendant was discriminating against her because of her disability, and also reported sexual harassment in the workplace.

64. Plaintiff's complaints to Defendant constituted protected activity.

65. Defendant then terminated Plaintiff's employment.

66. Defendant took negative employment actions against Plaintiff during her employment, as described above.

67. Plaintiff's protected activity was a motivating factor in Defendant's actions against her.

68. Defendant's actions have caused Plaintiff Haynes to suffer lost compensation and benefits of employment, emotional distress, and attorneys' fees.

69. Defendant's actions constituted retaliation in violation of the MHRA, § 213.070 R.S.Mo.

70. Defendant's actions were outrageous and were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, finds for Plaintiff LaJuana Haynes and against Defendant General Motors in Plaintiff's claim for retaliation, and enter judgment for Plaintiff in excess of $25,000 for Plaintiff's lost wages and benefits, emotional distress, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, and costs of litigation, and such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

71. Plaintiff demands a trial by jury on all issues triable by jury.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

Respectfully Submitted,

**KENNEDY HUNT, P.C.**

By: *<u>/s/ Nicole A. Matlock</u>*
Nicole A. Matlock, #66894
Kennedy Hunt, P.C.
4500 West Pine Blvd.
St. Louis, MO 63108
(314) 880-4462
(314) 872-9043 fax
nmatlock@kennedyhuntlaw.com

**ATTORNEYS FOR PLAINTIFF**

2611-CC01105
Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| MIKE KEHOE<br>GOVERNOR | ANNA S. HUI<br>DEPARTMENT DIRECTOR | BRITTANY SOUTHWORTH<br>ACTING CHAIR | SHANNON THOMPSON<br>ACTING EXECUTIVE DIRECTOR |

May 12, 2026

LaJuana Haynes
5770 De Giverville Ave.
St. Louis, MO 63112
Via email: lajuanahaynes@gmail.com nmatlock@KennedyHuntLaw.com

**NOTICE OF RIGHT TO SUE**

RE: LaJuana Haynes v. General Motors E-11/25-57525; 28E-2026-00094

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

*Shannon Thompson*

Shannon Thompson
Acting Executive Director

CC: Additional Contacts Listed on Next Page

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

RE: LaJuana Haynes v. General Motors E-11/25-57525; 28E-2026-00094

GENERAL MOTORS WENTZVILLE ASSEMBLY CENTER
1500 East Highway A
Wentzville, MO 63385
Via email

Josh Bortnick
Attorney, Littler Mendelson, P.C.
2301 McGee St, 7th Fl
Kansas City, MO,64108
Via email: jbortnick@littler.com

Nicole Matlock
Attorney, Kennedy Hunt, P.C.
4500 W Pine Blvd
Saint Louis, MO 63108
Via email: nmatlock@KennedyHuntLaw.com

**Exhibit 1**

2611-CC01105

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

**In the CIRCUIT COURT Of St. Charles County, Saint Louis, Missouri**

August 7, 2026
Date

Case Number

Division

For File Stamp Only

LaJuana Haynes
Plaintiff/Petitioner

vs.

General Motors LLC,

Defendants/Respondents

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Nicole Matlock (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server / Address | Telephone |
|---|---|
| Clayton Willis, 1031 Lami St., St. Louis, MO 63104 (Name of Process Server / Address) | 314-621-9300 |
| Zach Dees, 1031 Lami St., St. Louis, MO 63104 (Name of Process Server / Address or in the Alternative) | 314-621-9300 |
| Larry McDowell, 1031 Lami St., St. Louis, MO 63104 (Name of Process Server / Address or in the Alternative) | 314-621-9300 |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:

CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, M,O 65101

Appointed as requested:

Circuit Clerk

By ______________________
Deputy Clerk

______________________
Date

[Signature]
Signature of Attorney/Plaintiff/Petitioner
66894
Bar No.
4500 West Pine Blvd, St. Louis, MO 63108
Address
(314) 872-9041 Phone No.
(314) 872-9043 Fax No.

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

2611-CC01105

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

LaJuana Haynes,

Plaintiff,

v. Case No.

General Motors, LLC

Defendant

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW, Nicole Matlock, Requestor in the above captioned matter and for her Motion for Approval/Appointment of a Private Process Server, pursuant to Local Rule 4.2.1, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name: Clayton Willis

The Requestor states that:

The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.2.1 and attesting to such qualifications is attached as incorporated as Exhibit "A".

Nicole Matlock
Signature of Requesting Party

Nicole Matlock,
Printed Name of Requesting Party

**ORDER**

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

______________________ Date

______________________ Judge

**2611-CC01105**

Electronically Filed - St Charles Circuit Div - August 07, 2026 - 04:37 PM

Exhibit A

**IN THE ELEVENTH JUDICIAL CIRCUIT COURT**
**ST. CHARLES COUNTY, MISSOURI**

**SPECIAL PROCESS SERVER AFFIDAVIT**

I, Clayton Willis, being duly sworn and upon his/her oath states that I meet all of the following qualification as Special Process Server:

(1) Be at least eighteen (18) years of age;

(2) Be a citizen of the United States of America;

(3) Have a high school diploma or equivalent;

(4) Not have pled guilty to or been convicted of a felony or a misdemeanor involving moral turpitude;

(5) Not be a fugitive from justice or currently charged with a felony or a misdemeanor involving moral turpitude;

(6) Not be related to or employed by a party in the action;

(7) Not have been disqualified to act as a special process server within the preceding twelve (12) months, and;

(8) If service is to be made outside the State of Missouri, authorized to serve process in the jurisdiction in which it is to be served.

Any application for the appointment of a special process server shall be in writing, shall be at the risk and cost of the party making the application and shall
state that the person to be appointed is qualified to serve process, is a private person over 18 years of age and not a party to the action. If service is sought and
served by a private person, the private person shall endorse the private person's return thereon and the return shall be by affidavit.

[signature]
Special Process Server Signature

**STATE OF MISSOURI** )
) ss.
**COUNTY OF ST. ~~CHARLES~~** LOUIS )

I Clayton Willis, of lawful age, upon being duly sworn on oath, deposes and states that the facts contained in the foregoing Affidavit are true and accurate according to his/her best knowledge, information and belief, and that he/she signs same as his/her free and voluntary act and deed.

[signature]

SUBSCRIBED and sworn to before me this 3rd day of December, 2025.

[signature]
Notary Public/Deputy Clerk

My commission expires (Notary): or State Seal (Deputy Clerk):

ALICIA MISURACA
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 18892057
My Commission Expires 12-15-2025

Electronically Filed - ST CHARLES CIRCUIT DIV - August 09, 2026 - 11:03 AM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| LAJUANA HAYNES, | ) | |
| | ) | Cause No: 2611-CC01105 |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

Comes now Nicole Matlock and enters her appearance in the above-mentioned matter on behalf of the plaintiff, LaJuana Haynes.

Respectfully Submitted,

*/s/ Nicole Matlock*
Nicole Matlock, MO Bar # 66894
Kennedy Hunt PC
4500 West Pine Blvd.
Saint Louis, MO 63108
nmatlock@kennedyhuntlaw.com
314-872-9041

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above referenced document was filed with the court via it's electronic filing system on August 9, 2026.

*/s/ Nicole Matlock*

Electronically Filed - ST CHARLES CIRCUIT DIV - August 09, 2026 - 11:03 AM

# Summons in Civil Case

IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DEBORAH JEAN ALESSI | **Case Number: 2611-CC01105** | |
| Plaintiff/Petitioner:<br>LAJUANA HAYNES<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICOLE ALEXANDRA KARIM MATLOCK<br>4500 WEST PINE BLVD<br>SAINT LOUIS, MO 63108 | |
| Defendant/Respondent:<br>GENERAL MOTORS LLC | Court Address:<br>300 N 2ND STREET<br>SAINT CHARLES, MO 63301 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | |

**The State of Missouri to:** **GENERAL MOTORS LLC**
**Alias:**
**1500 EAST HIGHWAY A**
**WENTZVILLE, MO 63385**

**Other Addresses:**

**SERVE: CSC-LAWYERS**
**INCORPORATING SERVICE**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO 65101**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. CHARLES COUNTY***

18-AUG-2026
Date

/S/ CHERYL CROWDER
Clerk

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with __________________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________________ (name) __________________________ (title).

☐ other: ____________________________________________________________________.

Served at ____________________________________________________________ (address)
in _____________________________ (County/City of St. Louis), MO, on _________________ (date)
at ____________ (time).

| | |
|---|---|
| Printed Name of Officer or Server | Signature of Officer or Server |

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on __________________________ (date).

*(Seal)*

My commission expires: _________________ __________________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

STATE OF MISSOURI )
) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution. The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office. If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI )
) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

______________________________ )
Plaintiff(s), )
)
vs. ) Cause #____________________
)
______________________________ )
Defendant(s). )

**CONSENT TO MEDIATION FORM**

I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

______________________________
Signature

______________________________
(Print Name)

Attorney for:

______________________________
(Party or Parties)

Date: ________________________